**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

GRAHAM C. ROGERS,

　　　　　*Defendant-Appellant.*

No. 01-4455

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-00-90-BR)

Submitted: November 29, 2001

Decided: December 20, 2001

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Dennis M. Duffy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Graham C. Rogers was convicted by jury of one count of submitting a false claim to the United States Department of Treasury, in violation of 18 U.S.C. § 287 (1994). The district court sentenced him to five years' probation. On appeal, Rogers argues that the district court erred in admitting testimony from two Secret Service agents that a latent print lifted off a check Rogers claimed he never received matched an exemplar obtained from him. Both agents were properly qualified as experts in the field of latent fingerprint examination. The district court overruled Rogers' objection at trial, finding that the fingerprint analysis met the standards of reliability established by *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Rogers argues that the agents' testimony should have been suppressed because it was based upon unreliable principles and methods and thus cannot comply with Fed. R. Evid. 702.* We review the district court's decision to admit expert testimony for abuse of discretion. *See Benedi v. McNeil-PPC, Inc.*, 66 F.3d 1378, 1385 (4th Cir. 1995). In *Daubert*, the Supreme Court announced five factors for evaluating the relevancy and reliability of expert testimony as follows:

> whether the theory or technique can be and has been tested; whether it has been subjected to peer review and publication; whether there is a high known or potential rate or error; whether there are standards controlling the technique's operation; and whether the theory or technique enjoys general acceptance within a relevant scientific community.

---

*The rule permits an expert witness "qualified . . . by knowledge, skill, experience, training, or education" to testify when specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.

*Daubert*, 509 U.S. at 592-94. However, the *Daubert* Court also emphasized that this inquiry should be flexible. *See id.* at 594. *See also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141-42 (concluding that the testing of reliability should be flexible and the five factors delineated in *Daubert* neither necessarily nor exclusively apply to every expert).

We find that the district court did not abuse its discretion by admitting the challenged testimony. While Rogers contends the underlying theory of fingerprinting evidence, that all fingerprints are unique, is untested and unproven, the Government's expert testified to the existence of numerous studies supporting this conclusion. Further, Rogers cites no evidence suggesting that fingerprint evidence is unreliable. To the extent that fingerprint analysis involves some measure of subjective interpretation by the examiner, the possibility of error was mitigated in this case by having two experts independently review the evidence. And although Rogers also claims no uniform standards exist to pinpoint exactly when a fingerprint match can be declared, such standards do exist through professional training, peer review, presentation of conflicting evidence and double checking, which is standard operating procedure with latent print examiners. *See United States v. Havvard*, 117 F. Supp. 2d 848, 854, *aff'd*, 260 F.3d 597 (7th Cir. 2001). Moreover, both agents in this case found seven corresponding characteristics between the two thumbprint samples, which is adequate to meet modern criteria for a definitive match.

Finally, virtually every circuit and district court, both before and after *Daubert*, have a longstanding tradition of allowing fingerprint examiners to state their opinion and conclusions, subject to rigorous cross examination. Many courts have even refused to hold an evidentiary hearing for such an inquiry, finding such testimony scientifically reliable. *See, e.g.*, *United States v. Havvard*, 260 F.3d 597 (7th Cir. 2001); *United States v. Sherwood*, 98 F.3d 402 (9th Cir. 1996); *United States v. Reaux*, 2001 WL 883221 (E.D. La. July 13, 2001) (relying on *United States v. Havvard*, 260 F.3d 597 (7th Cir. 2001)); *United States v. Joseph*, 2001 WL 515213, *1 (E.D. La. May 14, 2001) (holding that an evidentiary hearing was not necessary because "fingerprint analysis has been tested and proven to be a reliable science over decades of use for judicial purposes"); *United States v. Martinez-Cintron*, 136 F. Supp. 2d 17 (D.P.R. 2001).

Moreover, even assuming a *Daubert* error does exist, we agree with the Government that any such error is harmless because, independent of the fingerprint evidence, the evidence supporting Rogers' conviction is overwhelming in this case. The Government presented two eyewitness identifications from employees at the pawn shop where Rogers cashed the check. Both clearly identified Rogers as being the customer who cashed the check. Both employees also testified to details of Rogers' life that they could only have known had they encountered him. Furthermore, the Government presented evidence that Rogers had no money in his bank account, yet bought a car with $4000 in cash only days after the check had been cashed at the pawn shop.

We therefore conclude that even if the district court erred by allowing the fingerprint evidence to be heard, such error was harmless under Fed. R. Crim. P. 52(a). Accordingly, the judgment of the district court is affirmed. We deny Rogers' motion to file a pro se formal supplemental brief. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*